PENNSYLVANIA RAILROAD CO. v. EVANS PRODUCTS CO.

1. CARRIERS—DEMURRAGE—STRIKES—PICKETING.

In nonjury action by railroad company against consignee for demurrage charges, evidence supported judgment for plaintiff based on finding that its employees were unable to pick up or obtain freight cars from, or deliver them to, defendant's plant because of threats of violence and overt acts of persons picketing its plant during progress of strike.

2. SAME—DEMURRAGE—STRIKES—INTERSTATE COMMERCE COMMISSION RULES.

Railroad carrier was entitled to full demurrage charges notwithstanding defendant's plant was picketed where it failed to apply for lower demurrage charges pursuant to rule of interstate commerce commission (I. C. C. tariff No. 3583, rule 8).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 2, 1946. (Docket No. 7, Calendar No. 43,263.) Decided May 13, 1946.

Assumpsit by Pennsylvania Railroad Company against Evans Products Company for demurrage

charges. Judgment for plaintiff given on trial without a jury. Plaintiff appeals. Modified and remanded for entry of judgment for full amount claimed by plaintiff.

*Angell, Turner, Dyer & Meek,* for plaintiff.

*Semmes, Goodrich & McEvoy,* for defendant.

Butzel, C. J. The Pennsylvania Railroad Company brought suit to recover demurrage charges for freight cars held by, or for, defendant, Evans Products Company, beyond the free time allowed for loading and unloading the cars. During the period from September 4, 1941, to October 2, 1941, the railroad company did not pick up the empty cars standing on the sidings inside defendant's plant at Detroit, nor deliver to the plant various freight cars consigned, or ordered delivered, to, and placed on, the railroad sidings inside the defendant's plant.

Both parties agree that as a result of a dispute with some employees, defendant's plant was picketed during the period in question. Plaintiff claims that its failure to pick up and deliver the freight cars was caused by the threatening and intimidating conduct of the pickets. Defendant claims that plaintiff's employees were not threatened but, on the contrary, arbitrarily refused to cross the picket lines as a matter of personal policy. The parties further agree that if plaintiff's interpretation of the facts, that its employees were intimidated, is correct, then it is entitled to recovery in the sum of $1,819.40, but if defendant's contention is correct, that plaintiff's employees were not threatened, then plaintiff is not entitled to recover any sum whatsoever.

Defendant denied that it is liable under the facts. It admits that the statement of charges as submitted

by plaintiff is correct, that it did not file an application in accordance with Rule 8 of the interstate commerce commission tariff No. 3583, which provides for lower demurrage rates where delivery has been prevented due to a strike of the employees of the consignee, provided that the consignee presents a claim in writing within 30 days after the date on which the interference ceased and, therefore, if delivery was prevented because of the strike, it is not entitled to the lower rates.

The trial court found that, although the train crew was not entirely blameless, the railroad was entitled upon the proofs in this case to recover a judgment. There was picketing in progress, and from the testimony in the case, and particularly the file in the chancery case in which defendant sought to restrain the pickets, parts of which file were introduced in evidence, the picketing was accompanied with violence and danger to those who dared to break through the picket line at certain points. It is possible that the employees of the railroad company did not care to force their way through the picket line, but in the injunction proceedings brought by the defendant against the union, testimony was introduced to show that there had not only been threats of violence, but overt acts.

In rendering judgment the trial judge applied the lower rates set forth in Rule 8, *supra*. This was improper. Such application can be made only in accordance with the procedure set forth by the Interstate Commerce Commission. *Pennsylvania Railroad Co.* v. *International Coal Mining Co.*, 230 U. S. 184 (33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915 A, 315); *Minnesota Rate Cases (Simpson* v. *Shepard)*, 230 U. S. 352 (33 Sup. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. [N. S.] 1151, Ann. Cas. 1916 A, 18); *Anthony Carlin Co.* v. *Hines*, 107 Ohio St. 328

(140 N. E. 99); *Chrysler Corporation* v. *Railroad Co.*, 234 I. C. C. 755; *Balfour, Guthrie & Co.* v. *Railroad Co.*, 235 I. C. C. 437.

The court should have rendered a judgment for the full amount set forth in plaintiff's bill of particulars. The judgment is modified, and the case remanded to the trial court to enter judgment for the full amount claimed by plaintiff. Plaintiff will recover costs.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.